TATE, Justice.
The defendant was convicted of selling beer in violation of Title 9:9 of the East Baton Rouge Parish Code and sentenced to pay a $25.00 fine. The ordinance prohibits, inter alia, retail dealers from selling, on Sunday, beer or other intoxicating liquids “containing more than six percent of alcohol by volume.”
We granted supervisory certiorari because of the substantial contention that there was a total absence of proof of an essential element of the crime — namely, of the alcoholic content of the two cans of beer purchased by the law enforcement officer at 12:30 AM on Sunday morning. The issue is raised by a bill of exception taken to the trial court’s denial of a motion for a directed verdict. La.C.Cr.P. art. 778.
The State admits that it did not submit chemical analyses of the Falstaff beer purchased. It further suggests that it did not produce analyses of any other Falstaff because such would not necessarily prove that the cans purchased contained beer exceeding the prohibited alcoholic content. It suggests that we take judicial notice, however, that Falstaff beer sold is *598 covered by the parish-ordinance prohibition.
We are cited to no authority permitting us to take judicial notice of the alcoholic content of the beer purchased or of any other. We find, therefore, that the relator’s bill has merit, since no evidence at all was produced of an essential element of the crime with which the relator was charged.
Accordingly, his motion for a directed verdict must be granted. The defendant’s conviction is therefore reversed, and the case is remanded to the trial court for judgment of acquittal as rquired by Article 778 of the Louisiana Code of Criminal Procedure.
Reversed and remanded.